**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Altschuler, et al., | No. CV-21-00119-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Chubb National Insurance Company, | |
| Defendant. | |

    The Court denies reconsideration of its decision that the choice of law in this case shall be Arizona.

    On September 20, 2021, the Court denied Defendant's Motion for Transfer of Venue and Motion to Apply New York law. On October 4, 2021, Defendant filed a Motion for Reconsideration only of the Court's ruling to apply Arizona law. In part, the Defendant seeks reconsideration because the allegedly stolen Rolex watch is owned by Altschuler's wife, Werner, who is admittedly a resident of New York. The Court did not consider this factor when it determined Arizona law should apply in the case; neither party argued the choice of law question was distinct as between the watch and artwork.

    It, however, appears that all parties know that the Rolex watch stolen from Altschuler's Tucson residence did not belong to his wife, even though this was the assertion made by the Plaintiff in the Complaint and made by the parties in the briefs supporting the Motions for Transfer of Venue and to Apply New York law.

The Plaintiff admits it is a pleading mistake, but argues the Defendant is in possession of the claim file,[1] which Plaintiff asserts reflects Altschuler owned the Rolex watch. Likewise, Defendant deposed the Plaintiff and his wife, and both represented that he, not his wife Werner, owned the Rolex watch. To the extent the Defendant bases the Motion for Reconsideration on the Rolex watch being owned by Altschuler's wife, who admittedly is a resident of New York, the Motion for Reconsideration is denied.

The Defendant does not object to the Plaintiff's Motion to File an Amended Complaint to correct this pleading mistake. The Court shall grant the Plaintiff leave to file the Amended Complaint, which shall also be amended to address this Court's jurisdiction over the case on the basis of diversity between citizens of different states. 28 U.S.C. § 1332. In the proposed Amended Complaint, the Plaintiff continues to allege he is a resident of Arizona. *See* (Order (Doc. 29) at 3-4 (explaining that diversity jurisdiction is based on citizenship, not residency; there may be many residents but only one domicile). This Court has an independent and continuing obligation to address *sua sponte* whether it has subject matter jurisdiction over a case, *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir.1999), "even if the issue is neglected by the parties," *United States v. Ceja–Prado*, 333 F.3d 1046, 1049 (9th Cir.2003). *See also Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093 (9th Cir. 2004). Jurisdiction is proper under 28 U.S.C. § 1332, if there is diversity of citizenship between the parties. (Order (Doc. 29) at 3); *Allstate Ins. Co.*, 358 F.3d at 1093.

---

[1] Since the briefing of the Motion to Change Venue and Apply New York law, the Plaintiff has continuously complained that the claim file remains in Defendant's possession and has not been disclosed to the Plaintiff. The Court notes that on October 6, 2021, it issued a scheduling Order, which among other deadlines set discovery to close on May 31, 2022. Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts enter scheduling orders to establish deadlines for case management, including completing discovery and filing motions. "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir.1992). Rule 16(b)'s "good cause" standard is met: "if [a deadline cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment, Subdivision (b), Item 4)). The Court notes that discovery is about half-way complete. Federal courts deny extension requests that are brought on the eve of the close of discovery. *See ACS Int'l Prod. LP v. State Auto. Mut. Ins. Co.*, 2021 WL 2805589, at *2 (D. Ariz. July 6, 2021); *United States ex rel. Gohil v. Sanofi U.S. Services Inc.*, 2020 WL 1888966, at *4 (E.D. Pa. Apr. 16, 2020) (collecting cases and holding "district court is well within its discretion when it denies untimely discovery requests that could have been made at an earlier date").

Motions to reconsider are appropriate only in rare circumstances, such as where the Court is: "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D.Va.1983).

Here, the assertion of a change in facts based on Altschuler's wife, Werner's residence being New York fails because she did not own the watch. Plaintiff Altschuler owned the watch.

The Defendant asserts reconsideration is warranted because the Court committed clear error and its choice of Arizona law is manifestly unjust. In such a case, a motion to reconsider would be appropriate where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. The Court did not misunderstand the parties' arguments when it considered the Motion to Apply New York law. It did not misapprehend the law.

The Defendant argues that the Court misapplied *Bates v. Superior Court of the State of Arizona,* 749 P.2d 1367 (1988) and *Lange v. Penn Mut. Life Insur. Co*., 843 F.2d 1175 (9th Cir. 1988) (applying Arizona law to bad faith claim). Defendant challenges as inconsistent with this law the Court's finding: "Plaintiffs' injury from the nonpayment of the Plaintiffs' claim occurred in Arizona, where the artwork was allegedly located, stolen, and has not been replaced because the value of Plaintiffs' Arizona property has been reduced." (Order (Doc. 29) at 8.) The Defendant's argument of inconsistency is based on the *Bate* court's consideration of the place, Michigan, where plaintiff was a resident when she purchased medical insurance there, "she was injured in Illinois, then moved to Arizona. The court found, she continued to receive medical benefits under her policy in Arizona until it was terminated, therefore, the injury from the nonpayment of medical claims

occurred in Arizona where Plaintiff was living and receiving medical care when coverage was terminated." *Id.* (c*iting Bates*, 749 P.2d at 47-48, 49-50).

Defendant asks the Court on reconsideration to find that where Plaintiff is living is the determinative factor. The Court does not agree. The determinative factor is where the Plaintiff was receiving the benefit of coverage when it was terminated and that was Arizona. The Defendant's Motion for Reconsideration asks the Court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D.Va.1983). This is not an appropriate use of a motion for reconsideration. *Id.* Problems rarely arise which meet the standard for review on reconsideration and a motion to reconsider should be equally rare. *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. at 101, *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992). This is not a rare case.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 30) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Amend (Doc. 43) is GRANTED. The Amended Complaint shall include a factual basis to establish this Court's jurisdiction over this action.

Dated this 7th day of February, 2022.

Honorable David C. Bury
United States District Judge