Michael N. Poli (State Bar No. 006431)
mpoli@pmzlaw.com
Jeff G. Zane (State Bar No. 024172)
jzane@pmzlaw.com
POLI, MOON & ZANE, PLLC
2999 North 44th Street, Suite 325
Phoenix, Arizona 85018
Telephone: (602) 857-8180
Facsimile: (602) 857-7333

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS ALTSCHULER,<br><br>Plaintiff,<br><br>vs.<br><br>CHUBB NATIONAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | No. CV-21-00119-TUC-DCB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Tort, Non-Motor Vehicle; Insurance Breach of Contract, Bad Faith)**<br><br>**(Assigned to the Honorable David C. Bury)** |

Plaintiff Douglas Altschuler, for his Complaint against Defendant Chubb National Insurance Company ("Chubb"), alleges as follows:

## JURISDICTION AND VENUE ALLEGATIONS

1. Douglas Altschuler is a resident of Arizona.

2. Chubb National Insurance Company ("Chubb"), is an Indiana corporation engaged in the business of insurance in Pima County, Arizona.

3. The property insurance agreement that is the subject of this action was sold to Plaintiff by Chubb. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that diversity of citizenship exists for the purposes of establishing federal jurisdiction. The amount of damages sought by the Plaintiff exceeds the minimum jurisdictional amount established for filing in this Court. Venue is proper in this Court.

# FACTUAL ALLEGATIONS

4. At all relevant times hereto, Plaintiff's family owned a residence located at 6330 Camino De Santa Velera, Tucson, Arizona (the "Property").

5. Plaintiff purchased coverage for his real property and valuable articles through Chubb under an insurance policy issued by Chubb, policy number 13808452-05 (the "Policy"), in which his wife (Zoe Werner) was also a policyholder.

6. The Policy contained Replacement Cost coverage for fine art and jewelry, with Itemized Schedules (Lists) for both categories of insured property.

7. Chubb was aware that Plaintiff stored many of these items at the Property.

8. In December, 2019, Mr. Altschuler discovered a box containing multiple fine art silk screen prints was missing and presumed stolen ("Loss No. 1") from the residence and reported the loss. Mr. Altschuler reported the theft to local law enforcement. Prior to the discovery of the theft, the Plaintiff's housekeeper reported finding the door open when reporting for work one day while the Plaintiff was out of town.

9. In February, 2020, Mr. Altschuler discovered a stainless steel Rolex watch, which he owned as part of his watch collection, was also missing and presumed stolen from the residence ("Loss No.2") and duly reported the loss.

10. At the time of the two Losses, the Policy was in full force and effect.

11. Plaintiff timely submitted both claims to Chubb regarding the two Losses, which Chubb acknowledged and assigned claim numbers 0920200001456 and 040520024846, respectively (the "Claims").

12. Plaintiff has performed all of his obligations and responsibilities under the Policy with respect to the two Claims.

13. Following receipt of the Claims, Chubb engaged the services of an investigator regarding the thefts of the fine art and the watch. As of the date of this filing, no copy of the investigator's report with a determination has been revealed to the Plaintiff.

14. On October 6, 2020, Plaintiff Altschuler submitted to an Examination Under Oath, as required by the Policy.

15. As of the date of this filing, Chubb has not accepted liability for the two losses, although its liability is clear.

16. Applying Arizona insurance law, one of the foremost obligations of an insurer is to "immediately conduct an **adequate** investigation, act reasonably in evaluating the claim, and act promptly in paying a legitimate claim." *Zilisch v. Chubb Mut. Auto. Ins. Co.,* 196 Ariz. 234, 237, ¶ 21 (2000) (emphasis added). Moreover, under Arizona law, if there is a failure to conduct an adequate investigation, it is bad faith for an insurer to then take a position while lacking a "founded belief" that its position is proper. *See Rawlings v. Apodaca,* 151 Ariz. 149, 160 (1986) ("The founded belief is absent when the insurer either knows that its position is groundless or when it fails to undertake an investigation adequate to determine whether its position is tenable. In either event, its position is without reasonable basis and subjects it to payment of damages in addition to those traditionally recoverable in a breach of contract action.").

17. Upon information and belief, Chubb did not conduct a reasonable and adequate investigation into the Losses and the Claims.

18. Plaintiff has timely responded to all reasonable inquiries and requests from Chubb and Chubb's agents and investigator regarding the Claim.

19. As of the date of this filing, Chubb has refused to make the payment due and owing to Plaintiff for the two Losses.

20. Chubb knows or should know that its failure to provide payment to Plaintiff for the two Losses is not justified.

21. With respect to the events giving rise to this lawsuit, at various times and in various ways, Chubb acted through agents and employees, but Chubb is vicariously liable for the acts and omissions of all such agents and employees. Under Arizona law, all applicable good faith and claims handling duties owed by Chubb are non-delegable.

22. Chubb's conduct complained of herein was, and continues to be, intentional, willful and wanton, and/or taken in conscious disregard of the Plaintiff's rights, thus justifying the imposition of punitive damages.

## Count 1 - Breach of Insurance Contract; Breach of Implied Duty of Good Faith and Fair Dealing

23. The foregoing allegations are hereby incorporated by reference.

24. Chubb agreed to provide property insurance coverage for Plaintiff.

25. Chubb was paid premiums in exchange for its indemnity obligations to Plaintiff.

26. The Policy, like all contracts within the State of Arizona, contains an implied duty of good faith and fair dealing.

27. Plaintiff has fulfilled all of his obligations under the Policy.

28. As described herein, Chubb failed to perform its obligations pursuant to the Policy, including failing to pay the benefits which Plaintiff is entitled to in connection with the two Losses, and failing to conduct an adequate investigation.

29. By wrongfully failing to process the Claim in good faith and failing to pay the two Claims, and failing to conduct an adequate investigation, Chubb breached the Policy, including the implied covenant of good faith and fair dealing in that Policy, thereby depriving Plaintiff of the benefits owed to him under the insurance contract.

30. Chubb failed to handle Plaintiff's two Claim in a reasonable manner and it has failed to make payments owed under the Policy.

31. As a proximate result of Chubb's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has sustained reasonably foreseeable damages, and continues to sustain such damages, in an amount to be proven at trial.

32. Plaintiff is entitled to an award of its attorneys' fees under A.R.S. § 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against Chubb, as follows:

A. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B. For attorneys' fees and costs, and in the event of a default judgment, for

attorneys' fees in the amount of $1,500;

    C.    For pre- and post-judgment interest;

    D.    For taxable costs pursuant to A.R.S. §12-341; and

    E.    For such other relief as the Court deems just and proper.

### Count 2 – Tortious Bad Faith Claims Handling

33.    The foregoing allegations are hereby incorporated by reference.

34.    In Arizona, "the tort of bad faith arises when the insurer 'intentionally denies, fails to process of pay a claim without a reasonable basis.'" *Zilisch v. Chubb Mutual Auto. Ins. Co.*, 196 Ariz. 234, ¶20 995 P.2d 276, 279 (2000) (quoting *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981)). "An insurance contract is not an ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's obligation to play fairly with its insured.'" *Id*. (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986)). "The insurer has 'some duties of a fiduciary nature,' including '[e]qual consideration, fairness and honesty.'" *Id*. (quoting *Rawlings*, 151 Ariz. at 155, 726 P.2d at 571). "The carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim and act promptly in paying a legitimate claim." *Id*. at ¶ 21.

35.    Chubb owes and continues to owe Plaintiff a duty of good faith and fair dealing.

36.    Pursuant to the terms of the Policy, Chubb is obligated to pay Plaintiff for the two Losses at issue.

37.    Without an adequate justification for doing so, Chubb has failed to pay Plaintiff any amount due under the Policy for the two Losses sustained.

38.    Chubb has breached its contractual obligations to Plaintiff and it has refused to perform its duties owed to Plaintiff including, *inter alia*, the duty to investigate, adjust, and negotiate Plaintiff's two claims fairly, adequately, and in good faith.

39.    As described herein, Chubb breached its contractual and quasi-fiduciary obligations to Plaintiff.

40. Upon information and belief, Chubb's conduct has been self-serving and a ploy to protect Chubb's own financial interests, at the expense of Plaintiff's rights.

41. Also upon information and belief, Chubb has consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff. Furthermore, Chubb has acted to serve its own interests, over those of Plaintiff. Plaintiff is entitled to an appropriate award of punitive damages.

42. As a result of Chubb's unjustified failure to pay for the two Losses, Plaintiff has suffered and will continue to suffer significant consequential and extra-contractual losses in this matter.

WHEREFORE, on this claim, Plaintiff requests judgment against Chubb as follows:

A. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B. For punitive or exemplary damages in a just and reasonable amount;

C. For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the amount of $1,500;

D. For pre- and post-judgment interest;

E. For taxable costs pursuant to A.R.S. §12-341; and

F. For such other relief as the Court deems just and proper.

DATED this 1st day of March. 2022.

**POLI, MOON & ZANE, PLLC**

By  */s/ Jeffrey G. Zane*
Michael N. Poli
Jeffrey G. Zane
2999 North 44th Street, Suite 325
Phoenix, Arizona 85018
Attorneys for Plaintiff
Douglas Altschuler

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Robert T. Sullivan
Jonathan Y. Yu
BROENING OBERG WOODS & WILSON, P.C.
2800 N. Central Avenue, Suite 1600
Phoenix, Ariona 85004
rts@bowwlaw.com
jyy@bowwlaw.com
*Attorneys for Defendant*

/s/ Linda Lieber