**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Altschuler, et al., | No. CV-21-00119-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Chubb National Insurance Company, | |
| Defendant. | |

In February 2021, Plaintiff sued Defendant for breach of an insurance contract and insurance bad faith. Plaintiff alleges Defendant, Chubb National Insurance, mishandled Plaintiff's insurance claim related to allegedly stolen property, artwork by Keith Haring ("the Andy Mouse prints") and a Rolex watch. Chubb National retained attorneys Robert T. Sullivan and Jonathan Y. Yu of BOWW to defend the claims, who during the course of this litigation communicated with various fact witnesses, including attorneys and representatives from the Keith Haring Foundation, a non-profit organization responsible for the preservation, publication, and documentation of Keith Haring's artwork, including the allegedly stolen Andy Mouse prints. Defendant produced a Declaration dated July 27, 2022, by Gil Vazquez, Executive Director and President of the Keith Haring Foundation (the Foundation) attesting to facts supporting Defendant's assertion that Plaintiff did not (and in the case of the artwork, could not have) owned this personal property at the time it was reportedly stolen." (Motion to Quash (MQ) (Doc. 104) at 2.)

Assumably, the Defendant will present this Declaration from this "non-interested" third party in its case in chief. Plaintiff believes that the Declaration was prepared based on a draft(s) sent from Chubb to the Foundation, which was likely accompanied by email communications and/or calls. Plaintiff seeks the draft and related communications from Defendant's attorneys, BOWW, through the challenged subpoena. Defendant asserts the draft document and emails/calls are protected by attorney client privilege and/or work product privilege. Additionally, Defendant suggests that the Plaintiff may obtain this discovery directly from the Foundation, which would alleviate the need to offend the notions of privilege for attorney-client confidentiality that protects the adversarial process. Under Fed. R. Civ. P. 26(b)(2)(C)(i), discovery should be limited if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Plaintiff counters that any claim of privilege, attorney-client or work product, was waived by the disclosures to a nonparty, the Foundation, of the draft declaration and any attendant communications. Plaintiff is correct.

First, attorney-client privilege protects communications between "an attorney for a corporation" and "any employee, agent or member" of the corporation." A.R.S. § 12-2234(B). Therefore, the documents and communications between the Defendant's attorneys and the Foundation, a disinterested nonparty to this action, are not protected by attorney-client privilege. They are, however, governed by Arizona's client-lawyer confidentiality rules, which provide: "(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted or required by paragraphs (b), (c) or (d)." Subsection d(5) permits disclosures "to comply with other law or a final order of a court or tribunal of competent jurisdiction directing the lawyer to disclose such information." Ariz. Supreme Crt. R. 42, RPC E.R. 1.6.

Under the Arizona rules of ethics, Defendant's counsel may not disclose this information without a Court order for the following reasons:

> The principle of client-lawyer confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine, and the rule of confidentiality established in professional ethics. The attorney-client privilege and work product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality also applies in such situations where evidence is sought from the lawyer through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law.

Id., RPC E.R. 1.6, 2003 Comment (Amended 2021).

The contacts and communications between Defendant's attorneys and various fact witnesses, including the Foundation, are generally work product.[1] The Court quashes the subpoena to the extent it proposes to reach "email or any other written communications sent to, or received from, all actual or potential fact witnesses in this case." (MQ (Doc. 104) at 3.) There is no basis to require Defendant's counsel to open their litigation file to the Plaintiff and expose their thought process regarding fact witnesses. The Court is not, however, convinced that preparation by Defendant's counsel of the draft declaration for the Foundation, a disinterested non-party, is protected by the work-product privilege. As both sides recognize, "the Ninth circuit has not decided whether communications between a party's counsel and witnesses to litigation events, and draft affidavits exchanged between them, qualify for work product protection." (MQ (Doc. 104) at 5 n.1.) This Court follows the logic applied by the Honorable G. Murray Snow in *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 WL 2688773, at *1–2 (D. Ariz. June 5, 2018).

He noted that witness affidavits are typically drafted by counsel and then presented to the witness for his or her approval and signature, therefore, many courts find that draft affidavits reflect not so much what the witness has said but rather the drafting lawyer's

---

[1] The work-product doctrine protects against "disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representatives concerning the litigation." Fed. R. Civ. P. 26(b)(3). Discoverable facts are, generally, not protected by the work-product doctrine. *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947). Work-product immunity hinges on two factors: (1) it was "prepared in anticipation of litigation or for trial" and (2) was prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2003); Fed. R. Civ. P. 26(b)(3).

impression of what the witness had said, and accordingly, "the changes such drafts undergo before being signed by the witness may well reveal the drafting lawyer's mental impressions and strategy." Courts have found such unexecuted drafts of affidavits protected by the work product privilege. *Id.* at *2 (citations omitted). Judge Snow, like this Court, however, was more persuaded by "some district courts [that] have held that a draft affidavit is a 'statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel.'" *Id.* at *1 (quoting *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000) (further citations omitted). These courts explain that a party should not be able to "'interpose the work product doctrine' by 'put[ting] words in the mouths of those third-party affiants as part of its litigation strategy.'" *Id.* (quoting *Milwaukee Concrete Studios, Ltd. v. Greeley Ornamental Concrete Products, Inc.,* 140 F.R.D. 373, 379 (E.D. Wisc. 1991)). Like these courts, this Court concludes that draft affidavits are not protected by the work-product doctrine to the extent that they reveal that the attorney has put words describing facts in the witness's mouth.

The burden is on the party asserting the work-product immunity to demonstrate that the at-issue documents are work-product. *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010). There must be something more than a mere categorical assertion that draft affidavits are work-product. "Although changes in draft affidavits might reveal the drafting lawyer's mental impressions and strategy, they may reveal nothing more than that an attorney phrased factual statements for a witness to adopt." *ARA Inc.*, 2018 WL 2688773, at *2. "It is the burden of the lawyer claiming the immunity to establish that an exchange of draft affidavits disclosed an attorney's theories or separate mental impressions of a case." *Id.* (citing Hernandez, 604 F.3d at 1102). Merely stating that the documents are an exchange of draft affidavits and communications relating thereto is insufficient to meet that burden. In this case, Defendants assert: "The contents of those materials (the draft declaration and corresponding emails and calls) reflect the attorneys' mental impressions and strategic decisions regarding, among other things, analysis of the facts regarding Plaintiff's ownership claims, what facts to include in the declaration and the reasons for

1  doing so, and how the declaration should be phrased, all of which are protected by the work product doctrine." (Reply (Doc. 109) at 2.)

This distinguishes *ARA Inc.*, and Defendant asserts it has met its burden to show the draft declaration and attendant correspondence are protected work product. Under these circumstances, Defendant argues that the Plaintiff fails to offer an adequate justification for upsetting the strong interests in protecting work-product prepared by BOWW attorneys other than to conduct a fishing expedition for potential material to impeach the Foundation and its declarant. "That by itself is not enough to upend the entire adversarial process, especially when there exists other means to obtain the same materials that Plaintiff has yet to consider, including subpoenaing the Foundation or deposing Mr. Vazquez." (Reply (Doc 109) at 6.) The Defendant asks the Court to "refrain from honoring Plaintiff's subpoena unless and until he exhausts those venues or provides good reason why he cannot." *Id.*

This brings the Court to consider Plaintiff's assertion that the Defendant waived the work-product privilege by sharing the draft declaration and attendant correspondence with the Foundation, a disinterested nonparty. Disclosure of work product to a third party only waives the doctrine's protections when "such disclosure is made to an adversary in litigation or 'has substantially increased the opportunities for potential adversaries to obtain the information.'" *United States v. Sanmina Corp.,* 968 F.3d 1107, 1121 (9th Cir. 2020) (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2024 (3d ed. 2020)). The Court finds that Defendant's sharing of the draft declaration and emails with the Foundation substantially increased the opportunities for Plaintiff to obtain this information, i.e., directly from the disinterested third party, the Foundation. Defendant fails to show applicability of the work-product doctrine to protect this information. The doctrine is waived. Under Rule 26(b)(2)(C)(i), obtaining this information directly from Defendant's attorneys, BOWW, is the most convenient and least expensive avenue for Plaintiff.

/////
/////
/////

This limited disclosure, made pursuant to a Court order, does not upend the interest in protecting the adversarial process.

**Accordingly,**

**IT IS ORDERED** that the Motion to Quash (Docs. 97 and 104) is GRANTED IN PART AND DENIED IN PART, limited as follows: Broening Oberg Woods & Wilson shall respond to the Subpoena by producing the draft declaration for the Foundation and any related communications.

**IT IS FURTHER ORDERED** that Defendant's request for attorney fees related to filing the Motion to Quash is DENIED.

**IT IS FURTHER ORDERED** that the Stipulation to Extend Discovery (Doc. 113, 112) is GRANTED as follows: the discovery deadline is extended through and including April 15, 2023, for the purpose of taking the remaining depositions of deponents, Karen Moore, Daniel Jaeager, Eric Wind, Fred White, John Chvostal, and Zoe Werner.

Dated this 24th day of February, 2023.

_____
Honorable David C. Bury
United States District Judge