**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Altschuler, et al., | No. CV-21-00119-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Chubb National Insurance Company, | |
| Defendant. | |

On May 3, 2023, Defendant Chubb National Insur. Comp. (Chubb) filed a Motion to Terminate and/or Limit the Scope of Deposition of Fred White, who was deposed on April 3, 2023, for "nearly six hours." Defendant's counsel, Robert T. Sullivan, "unilaterally terminated" the deposition at 4 p.m., and now asks that the Court preclude any further deposition of White and/or issue a protective order against Plaintiff asking questions of law, using confrontational or argumentative tone and language, using repetitive questions to harass, and repeatedly positing questions to White after he has stated he lacks knowledge or requisite foundation to answer. Defendant also asks the Court to direct Plaintiff's counsel, Michael N. Poli, to stop engaging in such inappropriate and unprofessional conduct during any other depositions.

On May 3, 2023, Plaintiff filed a Response to the motion and a Cross-motion for Sanctions denying any impropriety and charging Sullivan with inappropriate, unprofessional conduct during White's deposition and an earlier deposition of Daniel

Jaeger. Plaintiff accuses Sullivan of making coaching objections, inappropriately instructing the witness to not answer questions, and being generally disruptive.

The status of discovery in this case and Fed. R. Civ. Procedure Rule 30 resolve the pending discovery motions.

Rule 30 provides for ten depositions to be taken in a case, without stipulation or leave of the Court, and that each deposition be limited to one day of seven hours. Fed. R. Civ. P. 30(a) and (d). Deposition examination proceeds as it does at trial, except for Rules 103 and 615. "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

Rule 30(d)(3) provides for a party to move at any time during a deposition to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. "If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Rule 30(d)(3)(A). "The Court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending." *Id.* at (3)(B). The Court may award expenses under Rule 37(a)(5) as a sanction for reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent. *Id.* at (3)(C), *see* Rule 37(a)(5) (awarding sanction of reasonable expenses, including attorney fees, to the prevailing party on a Motion to Compel).

The White deposition was terminated unilaterally by Sullivan, Defendant's attorney. The Court will assume it was suspended pursuant to Rule 30(d)(3) for the purpose

of making the Rule 30(d) motion and, therefore, as noted above, the deposition of White may only be resumed by order of this Court. The Court notes that White's deposition lasted for six of the seven allotted hours and any resumption would be limited to one hour. The Court finds, however, that the Rule 30(d) motion is moot because there is no further deposition of White planned by the Plaintiff or allowed given the limited discovery remaining in this case.

On April 27, 2023, the Court granted one last 90-day extension of the case management deadlines based on a Stipulation by the Parties that they are in the process of completing depositions of remaining experts and out of state witnesses. "To date the Parties have completed the depositions of the following 10 parties/lay witnesses/experts including: . . . Fred White." (Stipulation (Doc 139) at 1-2.) The Parties have completed discovery in this case, except for the seven depositions which are the subject of this last Stipulation, and further deposition of White is not reflected there. The Court granted the Stipulation, accordingly, to June 15, 2023, and ordered "THERE SHALL BE NO FURTHER EXTENSIONS OF TIME FOR COMPLETING DISCOVERY." (Order (Doc. 146)).

This limit on remaining discovery was imposed by the Court against the backdrop of the October 6, 2021, case management scheduling Order that allowed discovery up to May 31, 2022, set dispositive motions to be due on June 30, 2023, with the Pretrial Order to be filed 30 days after the Court rules on any dispositive motion. (Order (Doc. 32)).

On April 18, 2022, discovery was extended 90 days due to the delayed claim determination and corresponding Amended Answer. (Stipulation (Doc. 55); Order (Doc. 58)). The Court ordered "THAT NO FURTHER EXTENSIONS SHALL BE GRANTED." Nevertheless, on September 6, 2022, the Court granted a 75-day discovery extension to November 14, 2022, because the parties explained that there had been discovery issues related to document production and setting depositions, which the parties had worked out. (Stipulation (Doc. 75); Order (Doc. 76)). On November 28, 2023, the Court granted another 60-day extension to accommodate the parties' deposition schedule which reflected one deposition had been completed, six were set in November and December, and five needed

to be scheduled. White was not included in the listed lay/expert/30(b)(6) proposed deponents. (Stipulation (Doc. 90) Order (Doc. 91)).

On February 27, 2023, the Court denied in part and granted in part a Motion to Quash disclosures based on privilege filed by Defendant, denied attorney fees related to the Motion to Quash, and pursuant to Stipulation, extended "the discovery deadline . . . through and including April 15, 2023, for the purpose of taking the remaining depositions of deponents, Karen Moore, Daniel Jaeager, Eric Wind, Fred White, John Chvostal, and Zoe Werner." (Order (Doc. 114) at 6 (citing Stipulation (Doc. 113)), *see also* (Order (Doc. 117) (extending other case management deadlines, i.e., dispositive motions due May 1, 2023).

This brings the Court to its Order (Doc. 146) granting the Parties latest Stipulation for another 60-day extension of the discovery deadline to complete out of state depositions: "Eric Wind, Zoe Werner, Robert Berman, Tracey Lew, and Gil Vazquez." (Stipulation (Doc. 139)). The Court granted this last extension of discovery for the sole purpose of completing these specifically identified depositions and ordered that no further extensions of time shall be granted. White is not included in the Stipulation that the Court granted. The Defendant's Motion to Terminate and/or Limit the Scope of Deposition of Fred White is moot.

The Plaintiff's Cross-motion for Sanctions for Violations of Rule 30 related to the Jaeger deposition is denied. Plaintiff asks the Court to award attorney fees related to taking this deposition and briefing the discovery and sanction motion. There is no evidence that the Jaeger deposition was suspended under Rule 30(d), and awaiting an order from this Court that it may be resumed.

The White and Jaeger deposition transcripts reflect that the Party attorneys wasted time arguing with each other during the depositions. Neither Party seeks additional time to depose Jaeger or White because of allegedly disruptive conduct by the other that impeded or delayed the examination. Fed. R. Civ. P. 30(d)(1). Only then might the Court be inclined to impose as an appropriate sanction, the reasonable expenses and attorney's fees incurred

to conduct such further examination of White or Jaeger. Plaintiff does not proffer any question that remains unanswered by either White or Jaeger and ask for a directive that it be answered. An award of attorney fees incurred to obtain such an answer might also be imposed as a sanction—but this has not been requested by the Plaintiff.

The protections sought by Defendant, pursuant to Rule 26(c), may be granted for annoyance, embarrassment, oppression, or undue burden or expense, including protective orders forbidding disclosure or discovery, specifying terms such as time and place or allocation of expenses for discovery, prescribing a discovery method, forbidding inquiry into or limiting the scope of discovery to certain matters, designating persons who may be present during discovery, requiring a deposition to be sealed, requiring trade secret disclosure or nondisclosure, and requiring simultaneous filing of documents. Instead, Defendant asks for a Protective Order against Plaintiff asking questions of law, using confrontational or argumentative tone and language, using repetitive questions to harass, and repeatedly positing questions to White after he has stated he lacks knowledge or requisite foundation to answer.  Such flawed deposition questions are subject to objection, not the subject of a Protective Order.

The risk of wasting time to argue with opposing counsel or posit "ask and answered questions" instead of asking pointed relevant questions going to the merits of the case is born by the risk taker. And, there is a risk taken by making an objection and instructing a witness to not answer a deposition question, if in the end the Court directs the question be answered and awards sanctions for additional costs incurred to acquire the answer. There is risk to suspending a deposition, pursuant to Rule 30(d) to make a motion to terminate or limit it, because a court may not issue a favorable order and the deposition will be resumed, with the loser bearing the cost of making such a motion. These risks are the measures by which attorneys are kept in check during depositions from inappropriate questioning or unprofessional practices. Judicial resources are not available for the Court to be on standby during every deposition to tell learned attorneys to comply with Rule 30. It is entirely unnecessary for the Court to direct attorneys to act professionally in conducting

depositions, which in no way differs from how they shall conduct themselves when examining and cross-examining witnesses during a trial.[1]

The Parties in this case bear the burden of the risks taken by their attorneys during the White and Jaeger depositions and both Parties lost. Attorney fees and other costs have been needless incurred related to these depositions that produced no substantive results for the Parties. In short, neither discovery motion was necessary. The Parties shall complete the depositions identified in the last stipulation. The discovery deadline has been extended for this sole purpose.

**Accordingly,**

**IT IS ORDERED** that the Motion to Terminate and/or Limit the Scope of Deposition of Fred White (Doc. 135) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (Doc. 150) is DENIED.

**IT IS FURTHER ORDERED** that discovery has closed, except for the out of state depositions the Parties stipulated to take by June 15, 2023. There shall be no further discovery in this case. THERE SHALL BE NO FURTHER EXTENSIONS OF DISCOVERY.

Dated this 30th day of May, 2023.

Honorable David C. Bury
United States District Judge

---

[1] White was instructed correctly at the beginning of the deposition that objections would be made, and he should nevertheless answer the question unless the objection, expressly instructed him to not answer the question. There was no reason for every objection to include the caveat, "you may answer the question." Objections must be "concise" and therefore minimally disruptive if attorneys refrain from arguing them. Likewise, without argument, an objection expressly instructing the witness to not answer may be marked for presentation to the Court for a directive that it be answered, if in truth it was not answered rather than having been asked and answered. The Rule 30(c) provisions work, even when pushed to the limits of propriety, as is evident from the fact that the depositions of White and Jaeger have been completed.