**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Altschuler, et al., | No. CV-21-00119-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Chubb National Insurance Company, | |
| Defendant. | |

The Court denies reconsideration of its Order granting summary judgment in part for Defendant and denying it in part for Plaintiff's claim that Defendant breached the insurance contract by denying coverage for the loss of the Rolex watch. (Amended Order (Doc. 211)). Plaintiff asks the Court to reconsider summary judgment in favor of Defendant related to its denial of coverage for the Andy Mouse Artwork.

The Local Rules of Practice for the United States District Court for the District Court of Arizona (LRCiv), Rule 7.2(g) sets forth the standard under which the Court reviews a Motion for Reconsideration. It states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv. 7.2(g)

Accordingly, in the District of Arizona, motions for reconsideration will be granted when:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened after the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted after the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003). It is quite clear: "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003), *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Granting reconsideration is within the sound discretion of the trial court, *Navajo Nation,* 331 F.3d at 1046; a denial of a motion for reconsideration is reviewed for abuse of discretion, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

The Court denies Plaintiff's Motion for Reconsideration because he does not raise new material facts or evidence that happened after the Court's decision, nor does he raise an intervening change in law that would affect the Court's decision. Plaintiff also does not assert that any "material differences in fact or law" brought forward in their Motion for Reconsideration could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff's Motion for Reconsideration includes no discussion of the "reasonable diligence" standard. Therefore, the Court finds that Plaintiff's Motion for Reconsideration rests upon an underlying, though not explicitly stated, assertion of either manifest error or manifest injustice, including the possibility that "the Court failed to

consider material facts that were presented to the Court before the Court's decision." *Motorola, Inc.*, 215 F.R.D. at 586. As explained below, the Court is satisfied that its Order (Doc. 211) was not the result of manifest error and did not result in manifest injustice and that it sufficiently considered the material facts presented by Plaintiff in reaching its decision. A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D.Va.1983).

On reconsideration, the Plaintiff asks the Court to consider that Defendant "waived any claim that Mr. Altschuler had not adequately identified the artwork that he had purchased." (Motion Reconsideration (MR) (Doc. 212)). This waiver argument is based on assertions that Defendant took his premiums to secure coverage of the artwork, controlled the proof of ownership aspects of that coverage and failed to seek the proof of ownership evidence it relied on to deny the claim even when Plaintiff offered to provide any further information it may have needed when coverage was being established. Plaintiff argues:

> Mr. Altschuler is not an insurance expert. He provided what he was asked for. He offered to provide more. His description of Chubb's conduct is correct—it sought no further information, despite even some concern about the appraisal, as long as it was receiving premium payments, but Chubb then declared the information to be inadequate when asked to pay a claim. Chubb was the entity that knew what information it needed to insure the art item, and did not request any additional information. As such, it is now estopped from denying coverage. *See Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 395–96 (1984) (insured estopped from denying coverage where representations of agent differed from language of insurance policy).

(MR (Doc. 212) at 4.)

Without reaching the merits of this argument, the Court finds that the Plaintiff could have and did not raise it during the dispositive motions' briefings. The Court has reviewed the Plaintiff's Motion for Partial Summary Judgement (Doc. 170), his Response (Doc. 193) to the Defendants' dispositive motion, and his Reply (Doc. 208) supporting his partially dispositive motion. The only argument related to waiver presented in these briefs was that Defendant should be estopped from challenging coverage based on any argument other than fraudulent

- 3 -

misrepresentation or concealment. The Court addressed this waiver/estoppel argument and found it unpersuasive. (Amended Order (Doc. 211) at 7-8.)

Cases rarely arise which meet the standard for review on reconsideration and granting a motion to reconsider should be equally rare. *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. at 101, *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992). This is not a rare case.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 212) is DENIED.

Dated this 1st day of April, 2024.

Honorable David C. Bury
United States District Judge