IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Altschuler, et al., | No. CV-21-00119-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Chubb National Insurance Company, | |
| Defendant. | |

On March 24, 2025, the Court found Defendant Chubb National Insurance Company was eligible, as the prevailing party, to recover its attorneys' fees and costs, and awarded Defendant $252,637.23. (Doc. 234.) In addition, the Court authorized Defendant to submit a supplemental request for fees for time expended preparing its original fee application (the "First Application"). (*Id*.) Now pending before the Court is Defendant's Application for Fees ("Second Application"), in which Defendant requests an additional $6,925.50 in attorneys' fees for time expended preparing the First Application. (Doc. 236.)

Plaintiff Douglas Altschuler filed an opposition to the Second Application. (Doc. 242.) Plaintiff requests that the Court deny the Second Application in its entirety, arguing Defendant's conduct in "reviewing and revising its time entries in connection with its First Application . . . suggests a troubling practice of manipulating billing entries for the sole purpose of maximizing a fee recovery from Altschuler." (Doc. 242 at 3.) In the alternative to denying the request in its entirety, Plaintiff requests that the Court deduct

1  from any award 8.4 hours related to reviewing, analyzing, editing, and revising billing
2  entries and reduce by 50% hours billed for legal research and time billed for drafting and
3  related activities. (*Id*.) These reductions would result in an award of $3,826.33.

4        The Second Application has been fully briefed. (Docs. 236, 242, 243.) For the
5  following reasons, the Court will grant Defendant's motion in part.

Discussion

7        Plaintiff's objections are limited to the reasonableness of the number of hours
8  billed by Defendant's attorneys. In evaluating a request for attorneys' fees, a court should
9  not consider time unreasonably spent. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214
10 F.3d 1041, 1045 (9th Cir. 2000) (stating "[a] district court should exclude from the
11 lodestar amount hours that are not reasonably expended because they are excessive,
12 redundant, or otherwise unnecessary.") (cleaned up).  Plaintiff's objections are not well
13 grounded.

14       Plaintiff argues that 80 hours of professional time in preparing its First Application
15 is not reasonable. (Doc. 242 at 1-2.) Defendant seeks reimbursement for 31.3 hours of
16 work, not 80. (Doc. 237 at 6-11.)

17       Plaintiff argues that three examples from Defendant's billing statements
18 demonstrate Defendant's unreasonable and excessive billing practices. The Court
19 disagrees. As to the first example, Plaintiff fails to explain how the 7.5 hours Defendant
20 billed to draft the First Application for attorneys' fees, supporting declaration, and
21 revisions to those two documents, and the 4.6 hours billed to draft the reply are excessive
22 or unreasonable—either specifically or in the aggregate. Plaintiff fails to provide context,
23 argument, or authority to support his assertions. The hours claimed by Defendant for
24 preparation of the First Application, supporting documents, and the reply are not
25 unreasonable given that Plaintiff vehemently opposed Defendants' first application for a
26 fee award.

27       As to the second example, Plaintiff fails to demonstrate that 2.7 hours billed by
28 Defendant constitutes "[r]epetitive, multiple time entries, and unreasonable and excessive

hours spent researching topics allegedly pertaining to the application for attorneys' fees." The Court will disallow fees for the March 13, 2024, time entry for 0.3 hours ($69.00) by a law clerk "research[ing] Judge Bury's history of decisions for awarding attorney's fees." (Doc. 242 at 2; Doc. 237 at 6.) The Court will also disallow fees related to the May 7, 2024, time entry by an attorney for 0.2 hours ($49.00) to "review deadlines for [ ] application with communication to team re: same." The first entry is irrelevant to the fee request; the second entry is an administrative task. *See Gary v. Carbon Cycle Arizona, LLC*, 398 F.Supp.3d 468, 487 (D. Ariz. 2019) (stating, "[a]ttorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff."). The reduction of 0.5 of the 2.7 hours claimed does not support Plaintiff's claim that Defendant's billing practices are unreasonable and excessive.

As to the third example, the Plaintiff fails to demonstrate that the 8.4[1] hours billed by Defendant constitutes "[r]epetitive, multiple time entries and unreasonable and excessive hours spent reviewing, analyzing, and editing time entries." (Doc. 242 at 3.) On April 10, 2024, the parties stipulated that the Defendant would not seek fees associated with the breach of contract claim for the Rolex watch. (Doc. 215.) Upon review, most of the time entries disputed by Plaintiff involve Defendant ensuring compliance with that stipulation. Had Defendant not undertaken this work, it would have violated the stipulation. Accordingly, the Court finds these entries reasonable.

Additionally, Plaintiff objects to a time entry for 2.3 hours on May 23, 2024 in the amount of $563.50 labeled: "Further revise and redact billing entries in preparation for filing with application for attorney fees." (Doc. 242 at 3; Doc. 237 at 8.) Here, a single time entry by Defendant's counsel for 2.3 hours billed to review and redact voluminous billing records does not support Plaintiff's claim that Defendant's billing practices are unreasonable and excessive.

//

---

[1] The 8.4 hours which the Plaintiff asserts show excessive billing includes 1.3 hours which the Defendant wrote off. (*See* Doc. 237 at 7.)

Conclusion

For the foregoing reasons, the Court will exclude $118.00 for 0.5 hours of work and will grant Defendant's Application for Attorneys' Fees in the amount of $6,807.50.

**IT IS ORDERED** Defendant's Application for Attorneys' Fees (Doc. 236) is **granted in part.** The Defendant is awarded **$6,807.50** in attorneys' fees.

**IT IS FURTHER ORDERED** the Clerk of Court shall amend the Amended Judgment (Doc. 235) to reflect this additional award of attorneys' fees.

Dated this 20th day of May, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge